# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID FLOWERS AND BETH FLOWERS | CIVIL ACTION |
| VERSUS | NO: 10-1479 |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | SECTION: "C" (3) |

## ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.

The plaintiffs' petition concerns damage to their insured property in Jefferson Parish caused by Hurricanes Katrina, Rita, and Gustav. (Rec. Doc. 1).

On May 18, 2010, the Court ordered that the parties file memoranda addressing whether the jurisdictional amount in controversy was satisfied at the time of removal.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir.1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir.1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett*

*v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id*. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id*. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir.1982), *cert. denied*, 459 U.S. 1107 (1983).

Plaintiffs argue that the jurisdictional minimum is not met in this case because the estimate for damages sustained to their property is $81,660.91, of which defendants have already paid $11,580.24, leaving only $70.080.67 in controversy. (Rec. Doc. 10 at 1). Defendants respond that because the plaintiffs have made a claim under Louisiana's bad faith statutes, La. R.S. 22:1892 and La. R.S. 22:1973, for allegedly arbitrary and capricious conduct, those potential penalties "swell the amount in controversy and clearly establish that the ... requirement is met." (Rec. Doc. 11 at 3). The statutes cited spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. They also require findings of fact. Neither party has provided facts relevant to the allocation of penalties. In *St. Paul Reinsurance Co.*, 134 F.3d 1250, 1253-54 (5th Cir. 1998), the Fifth Circuit held that a statutory penalty that required no

adjudication could be used to establish threshold jurisdiction, but they did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. In their original complaint, the plaintiffs claimed that the defendants' acts were "arbitrary and capricious," yet neither they nor the defendants have provided evidence demonstrating the "arbitrary and capricious" nature of the defendants' acts. The Court cannot find by a preponderance of the evidence that $75,000 is in controversy.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Jefferson State of Louisiana, for lack of jurisdiction.

New Orleans, Louisiana, this 16th day of August, 2010.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**